**Donald D. GIBERSON, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; et al., Respondents–Appellees.**

No. 07–16550.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.     R.App. P. 34(a)(2).

Donald D. Giberson, Florence, AZ, pro se.

Aaron Jay Moskowitz, Assistant Attorney General, A.J. Rogers, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Arizona state prisoner Donald D. Giberson appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition and the district court's order denying his motion to vacate the judgment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Giberson contends that his trial counsel was ineffective for failing to object to unsolicited testimony from a witness that she had taken a polygraph exam, and to the prosecutor's vouching for her testimony during closing argument. Giberson has not demonstrated that his counsel's performance was deficient. *See Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We conclude that the state court's decision rejecting Giberson's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

■ Giberson also contends that the prosecution improperly vouched for the testimony of a co-conspirator when it referenced on direct examination an addendum to the co-conspirator's plea agreement requiring the co-conspirator to testify truthfully. Giberson contends that this violated his constitutional rights to due process, confrontation, and a fair trial. We conclude that the state court's decision rejecting this claim was neither contrary to, nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

We construe the uncertified issue raised by Giberson as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.